IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN CHRISTOPHER M. HENSON | ) | CHAPTER 13 |
| CONNIE STEVENS HENSON | ) | |
| | ) | |
| Debtors. | ) | CASE NO. 11-72242 |

**MEMORANDUM DECISION**

The question before the Court is whether above-median income debtors may take a deduction on line 43 of Official Bankruptcy Form 22C for $147.92 for the expense of their teenage daughter participating in a youth choir under the auspices of Roanoke College which the parents believe is very important for this aspect of her full education. While not questioning the parents's assessment that such choir participation is beneficial and educational to the child, the Chapter 13 Trustee asserts that, no matter how beneficial this activity may be, it simply is not allowable as a deduction under the plain wording of the instructions for line 43 and the Bankruptcy Code section, 11 U.S.C. § 707(b)(2)(A)(ii)(IV), which it implements. The Chapter 13 Trustee relies upon a 2010 bankruptcy court decision disallowing such a deduction for a similar child's choir expense in the case of *In re Cleaver*,[1] which counsel for the Debtors criticizes as an unduly narrow interpretation of the governing statutory provision. No other case authority on point has been discovered.

The specific language of § 707(b)(2)(A)(ii)(IV) is as follows:

> In addition, the debtor's monthly expenses may include the actual expenses for each dependent child less than 18 years of age, not to exceed $1,775 per year per child, to attend a private or public

---

[1] 426 B.R. 390, 396 (Bankr. D.N.M. 2010).

> elementary or secondary school if the debtor provides documentation of such expenses and a detailed explanation of why such expenses are reasonable and necessary, and why such expenses are not already accounted for in the National Standards, Local Standards, or Other Necessary Expenses referred to in subclause (I).

The instruction language for line 43[2] in Official Form 22C tracks the statutory language of that section as follows:

> **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary school by your dependent child less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS standards.**

In evaluating the intended scope of the statutory language and that contained in Form 22C it is possibly helpful to note the only other language appearing in that form with respect to education of dependent children, which is set forth at line 34 in subpart A as follows:

> **Other necessary expenses: education for employment or for a physically or mentally challenged child.** Enter the total average amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available.

With specific reference to the case before this Court, there is no suggestion that the Debtors' daughter is either mentally or physically challenged, indeed it is to the effect that she is quite talented musically and that the parents believe that being a part of the Roanoke College

---

[2] Line 43 is contained in **Subpart B: Additional Living Expense Deductions** of the form.

Children's Choir will help their daughter develop her talent to the fullest.[3]

In such situations the responsibility of the Court is clear, which is to apply the plain meaning of the language employed in a governing statute if that meaning is reasonably apparent. *See Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004). Here the parties agree that the Debtors' child is under the age of 18, that she is and has been a fully participating member of the Roanoke College Children's Choir, that this is a beneficial and educational activity, and that the Debtors can document that they spend more than $147.92 per month on the average to enable their daughter to participate. Counsel for the Debtors advances on their behalf the following argument in support of the deduction:

> On the one hand, we know that it was the intent of Congress in enacting the 2005 amendments to limit the discretion of bankruptcy judges in determining disposable income for above-median debtors. On the other hand, it is not reasonable to conclude that Congress intended to specify each and every item that could be allowed as an educational expense. Rather, section 707(b)(2)(A)(ii)(IV), appears designed to protect a degree of flexibility for debtors who are parents to educate their minor children. Identifying the precise educational expense items allowed is necessarily within the remaining discretion

---

[3] The Debtors' brief filed in support of the deductibility of this expense represents as follows:

> The Debtors have a dependent daughter, age 13 at the time the present case was filed. The daughter attends public schools. She has a notable talent in music arts, and a desire to advance her education and ability in music through her secondary and post-secondary education. The Debtors have supported this educational goal. They have identified the Roanoke College Children's Choir as the best educational vehicle for the advancement of their daughter's interest, in that they conclude that the Choir provides the best vocal music education locally available, and the best vehicle to provide access to and potential future scholarship funding for college education in the music arts.

Debtors' Brief in Support of Confirmation at 1 (hereafter "Brief").

3

> of the Court. And, where Congress expresses an intent to protect
> debtors, the court should liberally construe that protection in favor of
> debtors.

Brief at 4.

If the language of the statute is clear, of course that language controls. To be deductible under line 43 of Form 22C the expense in question must be to "attend a public or private elementary or secondary school." The Debtors' daughter attends public school, not a secondary school operated by Roanoke College. While the Court agrees that Congress clearly provided for some flexibility with respect to educational expenses, it was a rather restricted flexibility as Congress specified the category of educational expense which would be deductible as an "Additional Living Expense Deduction." The Court does not agree that under a rubric of liberal interpretation the cost of participating in a youth choir can reasonably be deemed an expense "to attend a private or public elementary school." The statutory language clearly was not intended to, and did not, authorize bankruptcy judges to approve general "educational expenses" which they might determine to be "reasonable and necessary." The Court need not determine here whether "actual expenses . . . to attend a . . . school" are limited to costs in the nature of basic tuition expense paid to the school or also include other costs incurred for that general purpose. In either case an entirely voluntary expense for the dependent child to participate in a choir sponsored by a separate entity cannot reasonably be said to be an expense incurred to "attend" a primary or secondary school. It might as well be argued, indeed probably more easily argued, that the parents' employment of a tutor to help their child master the intricacies of some particular subject matter in which their child might have particular interest or signs of promise, or conversely might need some additional help, might be a very understandable

and reasonable decision for those parents to make and which almost any parents would like to provide for their children.  Outside of bankruptcy such decisions are certainly within the prerogatives of the parents and quite properly so.  When, however, families find themselves with more financial obligations than they can service and seek the protection of the bankruptcy court from the collection activities of their creditors, Congress decided that a different dynamic should come into play, one which says that the rights of creditors are also entitled to consideration and that above-median income debtors may have to make some downward adjustments to the standard of living which they and their dependents have previously enjoyed in order to do right by their creditors.

In this case the Debtors report having $20,000 in unsecured priority tax debt, $144,634 in unsecured non-priority debt, and secured debt of $218,036.  They propose in their Chapter 13 Plan to continue their regular mortgage payment of $2,073 per month as well as a car loan payment of $620 per month, and to make payments to the Chapter 13 Trustee of $1,275 each for sixty months which, according to their Plan, would permit the payment in full of the priority tax debt and an estimated 59% of their general unsecured debt.  Because they are above-median income debtors and therefore obliged to propose a sixty month plan in order to obtain confirmation, from the Congressional perspective, as divined from the language of § 707(b), it might be said that the Debtors are proposing, in effect, that their general unsecured creditors absorb the expense up to $1,775 per year of their child's participation in a voluntary extra-curricular activity, albeit a very worthwhile and beneficial one.  The Court concludes that Congress in the language it chose for the relevant statutory provision has made the controlling

policy judgment here and has not left it to the determination by the Court.[4]  Accordingly, the Court will sustain the Trustee's objection to confirmation of the Debtors' current Plan.[5]

An Order in accordance with the above decision will be entered contemporaneously herewith.

This 23rd day of March, 2012.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[4] Certainly nothing in this decision precludes the Debtors from exploring scholarship opportunities which may be available to their daughter, or asking grandparents to help, or indeed continuing to pay themselves the expense of this activity.  It simply determines that the cost of the choir membership is not deductible as an allowed additional living expense in determining what portion of their income they must commit for the benefit of their creditors as the toll which must be paid as a condition of obtaining bankruptcy protection and relief.

[5] This Court derives its authority over the determination of this matter from the delegation made to it by the District Court on July 24, 1984.  Confirmation of plans in bankruptcy cases is entrusted to bankruptcy courts as a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).